```
                                                                    FILED
                                                              U.S. DISTRICT COURT
                                                            MIDDLE DISTRICT OF TENN.
```

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NOV 07 2018

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **3-18-00301** |
| | ) | |
| v. | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 1028A |
| | ) | 18 U.S.C. § 1347 |
| MARGARET STELLA FISHER | ) | |

# INDICTMENT

THE GRAND JURY CHARGES:

## Introduction

At all times material to this indictment:

### I. Background

1. Medicare was a federally funded health care benefit program that provided benefits to persons who were age 65 or over, or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Tenncare, the Tennessee State Medicaid Program, ("Medicaid") was a federal and state health care program providing benefits to individuals who met specified financial and other eligibility requirements and who lacked adequate resources to pay for medical care. Individuals who received benefits under Medicaid were similarly referred to as "recipients."

3. CMS developed the National Plan and Provider Enumeration System ("NPPES") to provide unique identifying numbers for health care providers. When a health care provider registered with NPPES, it was given a unique National Provider Identifier ("NPI") number. Information for providers that received NPI numbers was contained in a publically available

1

database sometimes referred to as the "NPI Registry."

4. Fishield Behavioral Medical Services, Inc. ("Fishield") was a for-profit company founded by **MARGARET STELLA FISHER**, who also served as CEO. Fishield's Facebook page stated that it was "dedicated to providing services as guided by Federal, State and Local regulations for the provision of services for clients with special medical needs, and to assist those individuals in reaching their maximum level of independence and self-fulfillment." Fishield offices were located in Madison, Tennessee in the Middle District of Tennessee.

5. W.R. was a licensed physician who provided psychiatric medical care for Fishield patients pursuant to a contract between Meharry Medical College, W.R.'s employer, and Fishield. The contract between Meharry Medical College and Fishield was terminated on or before October 1, 2014.

## II. The Scheme

6. From on or about October 1, 2014, and continuing thereafter until on or about February 23, 2017, **MARGARET STELLA FISHER** devised and carried out a scheme to defraud Medicare and Medicaid programs by submitting and causing Fishield employees to submit false and fraudulent claims. The false claims submitted by **MARGARET STELLA FISHER,** or at her direction, represented that patients at Fishield received psychotherapy services from W.R. that, in fact, W.R. neither provided nor supervised.

7. **MARGARET STELLA FISHER** submitted claims or directed her employees to submit claims to Medicare and Medicaid under W.R.'s NPI, representing that W.R. provided or supervised medical treatments of patients at Fishield for dates that W.R. was not present at Fishield and for medical treatments that W.R. never provided.

8. As a result of the false claims submitted and caused to be submitted by

2

**MARGARET STELLA FISHER,** Medicare and Medicaid, through contractors, sent reimbursement checks addressed to W.R. at Fishield's address, monies to which he was not entitled.

9. It was further part of the scheme to defraud that **MARGARET STELLA FISHER** forged or directed the forgery of W.R.'s signature endorsement on checks from BlueCross BlueShield and UnitedHeathcare, which **MARGARET STELLA FISHER** also endorsed or caused to be endorsed with a signature accompanied by the direction "Pay to the order of Fishield." **MARGARET STELLA FISHER** then deposited or caused to be deposited the fraudulently obtained monies into Fishield's bank account.

10. **MARGARET STELLA FISHER** subsequently and on multiple occasions for her own personal and unlawful profit deposited the stolen and embezzled remittance funds into the Fishield bank account. The total monetary loss suffered by Medicare and Medicaid was approximately $1,094,715.83.

### III. The Offenses

11. The allegations contained in paragraphs 1 through 10 above are re-alleged and incorporated by reference as though fully set forth herein.

12. From between on or about October 1, 2014 through approximately February 23, 2017, in the Middle District of Tennessee and elsewhere, the defendant,

**MARGARET STELLA FISHER**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is Medicare and Medicaid, among others, and to obtain, by means of materially false

and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit programs.

| Count | Beneficiary Name | Alleged Date of Service | Date Claim Submitted | Service Purportedly Performed | Billed Amount |
|---|---|---|---|---|---|
| ONE | P.V. | 9/9/2015 | 9/23/2015 | Psytx complex interactive (90785) and Group Psychotherapy (90853) | $57 Medicare Medicaid crossover |
| TWO | J.C. | 9/10/2015 | 9/23/2015 | Psytx complex interactive (90785) and Group Psychotherapy (90853) | $57 Medicare |
| THREE | D.P. | 9/10/2015 | 9/23/2015 | Psytx complex interactive (90785) and Group Psychotherapy (90853) | $57 Medicare Medicaid crossover |
| FOUR | M.M. | 9/11/2015 | 9/23/2015 | Psytx complex interactive (90785) and Group Psychotherapy (90853) | $57 Medicare Medicaid crossover |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT FIVE

13. The allegations contained in paragraphs 1 through 10 above are re-alleged and incorporated by reference as though fully set forth herein.

14. From between on or about January 2, 2015, through on or about January 13, 2015, in the Middle District of Tennessee, and elsewhere, the defendant, **MARGARET STELLA FISHER**, did knowingly transfer and use, without lawful authority, a means of identification of another person, to wit, W.R.'s NPI number, during and in relation to health care fraud, as charged

4

in Counts one through four.

In violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT SIX

15. The allegations contained in paragraphs 1 through 10 above are re-alleged and incorporated by reference as though fully set forth herein.

16. From between on or about January 21, 2015, through on or about January 29, 2015, in the Middle District of Tennessee, and elsewhere, the defendant, **MARGARET STELLA FISHER**, did knowingly transfer and use, without lawful authority, a means of identification of another person, to wit, W.R.'s NPI number, during and in relation to health care fraud, as charged in Counts one through four.

In violation of Title 18, United States Code, Sections 1028A and 2.

## FORFEITURE ALLEGATION

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture allegation.

2. Upon conviction of the offense alleged in this Indictment, **MARGARET STELLA FISHER** shall forfeit to the United States of America pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 981(a)(1)(C):

> A. any property, real or personal, constituting or derived from or traceable to the gross proceeds obtained directly or indirectly as a result of the offense of conviction; and
>
> B. a money judgment in an amount to be determined, representing the amount of gross proceeds obtained directly or indirectly as a result of the offense of conviction.

3. If, any of the property described above, as a result of any act or omission of **MARGARET STELLA FISHER**:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any other property of **MARGARET STELLA FISHER**, up to the value of said property listed above as subject to forfeiture.

A TRUE BILL:

_____
GRAND JURY FOREPERSON

DONALD Q. COCHRAN
UNITED STATES ATTORNEY

_____
SARA BETH MYERS
ASSISTANT UNITED STATES ATTORNEY